# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:03cr131

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BROOKS TYRONE CHAMBERS. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider under Rule 59(e) [of the Federal Rules of Civil Procedure].[1] [Doc. 41]. No response from the Government is necessary.

On June 11, 2009, the Court denied the Defendant's motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) based on the crack cocaine guideline amendment, Amendment 706. [Doc. 40]. As grounds for reconsideration of that denial, Defendant states that the "Court denied the request for the reduction without stating why and how it reached its

---

[1] Counsel filed the motion pursuant to Federal Rule of Civil Procedure 59. "[T]he civil rules [of procedure] do not apply to [a] criminal judgment." United States v. Stewart, 235 Fed.Appx. 178, 179 n.1 (4th Cir. 2007); United States v. Glover, 46 F.3d 1152 **3 (10th Cir. 1995) ("The court finds no persuasive argument that the rules of criminal procedure suddenly are supplanted by rules of civil procedure at some point just when a defendant finds it advantageous to his position.").

decision." [Doc. 41, at 2].

> It cannot be determined whether this Court has committed a procedural error, because the Court did not state a reason why it refused to lower Petitioner's sentence. Where a district court fails to calculate (or improperly calculate[s]) the Guidelines range, treats the Guidelines as mandatory, fails to consider the Section 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence, it has committed a procedural error. In the instant matter, the Court treated the guidelines as if they were mandatory, failed to consider the Section 3553(a) factors, and failed to explained (*sic*) the chosen amended sentencing range.

[Id.].

The Order which was entered June 11, 2009 contained the following information which addresses the issues raised by counsel: (1) the motion was for a sentence reduction based on a guideline sentencing range that had been subsequently lowered and made retroactive by the United States Sentencing Commission; (2) the Court's determination of the guideline range, prior to any departures, shows that the guideline range did not change upon application of the amendment; (3) Amendment 706 has no impact on the guideline calculations or sentencing range because the Defendant is a career offender; (4) as a result, the amendment does not result in a reduction. [Doc. 40].

Contrary to the position of counsel, the Court thus stated the reasons why the Defendant's sentence could not be reduced. The Court did not fail

to properly calculate the guideline range; instead, it noted that the range did not change because of the Defendant's career offender status.  United States v. Hood, 556 F.3d 226, 232 (4th Cir. 2009).  United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not apply to the resentencing of a defendant based on the retroactive amendment of the guidelines regarding crack cocaine offenses since §3582(c)(2) allows only for a downward adjustment and a resentencing pursuant to that section is not a full resentencing hearing.  United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009), *petition for certiorari filed* 77 U.S.L.W. 3559 (2009).  Since the Court could not reduce the Defendant's sentence, the factors of 18 U.S.C. §3553(a) are not applicable.  18 U.S.C. §3582(c)(2) ("the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) *to the extent that they are applicable*[.]") (emphasis provided).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reconsider under Rule 59(e) [Doc. 41] is hereby **DENIED**.

Signed: June 29, 2009

Martin Reidinger
United States District Judge