# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:03-cr-00131-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BROOKS TYRONE CHAMBERS, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 68].

## I.   BACKGROUND

Between 1997 and 2003, the Defendant bought and sold large quantities of crack cocaine in Charlotte, North Carolina. [Doc. 52: Presentence Report ("PSR") at ¶¶ 9-14]. Between February and March of 1997 alone, the Defendant bought two kilograms of crack cocaine for $1,000 per ounce. [Id. at ¶ 13].

In July 2003, the Defendant pled guilty pursuant to a written plea agreement to one count of conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A) [Doc. 4: Bill of Information; Doc. 5: Plea Agreement]. In the Plea Agreement, the parties agreed to make a joint recommendation to the Court that the offense involved at least 50 grams but less than 150 grams of cocaine base. [Doc. 5: Plea Agreement at ¶ 3(a); Doc. 65: Supp. PSR at 1]. Based on that drug weight and the Government's filing of a Section 851 Notice of the Defendant's three prior felony drug-trafficking convictions, the Defendant faced a mandatory sentence of life imprisonment. [See Doc. 4: Section 851 Notice; Doc. 52: PSR at ¶ 59].

At sentencing in June 2005, the Government withdrew its reliance on two of the Defendant's three prior felony drug-trafficking convictions, thereby reducing the statutory sentencing range from mandatory life to 20 years to life. The Court[1] determined that the Defendant was a career offender based on his prior North Carolina convictions for one count of selling or delivering cocaine and two counts of possessing with intent to manufacture sell and deliver cocaine. [Doc. 52: PSR at ¶ 27]. Based on a total offense level (TOL) of 34[2] and a criminal history category (CHC) of VI, the advisory guidelines range was 262 to 327 months' imprisonment. [PSR: Doc. 52 at ¶ 60]. The

---

[1] The Defendant was originally sentenced by the Honorable Richard L. Voorhees, United States District Judge. This case was subsequently reassigned to the undersigned.

[2] This TOL was based in part on the Defendant's classification as a career offender under U.S.S.G. § 4B1.1, which assigned the Defendant an adjusted offense level of 37 because his drug trafficking offense was punishable by a maximum sentence of life in prison.

2

Court sentenced the Defendant to 262 months' imprisonment, the low-end of the career-offender guideline range and imposed a term of 10 years of supervised release. [Doc. 21].

The Defendant now moves for relief under the First Step Act of 2018. [Doc. 68]. While conceding that the Defendant is eligible for a sentence reduction, the Government argues that the Court should exercise its discretion and deny the Defendant's motion. Specifically, the Government contends that the Defendant was sentenced based on the career-offender guideline, and if the Fair Sentencing Act had been in effect at the time of the Defendant's sentencing hearing, he would have received the same sentence. [Doc. 71].

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants

sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." 132 Stat. at 5222. Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Id.

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Moreover, the Defendant's sentence has not been previously reduced by the

operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Having determined that the Defendant is eligible for a reduction in his sentence, the next step is to determine the extent to which the sentence *may*, in the Court's discretion, be reduced. This begins with an examination of the Defendant's sentencing calculus "as if . . . the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." 132 Stat. at 5222.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time that the Defendant committed the offense, the Court concludes that the Defendant would have received the same sentence. The Government only partially withdrew its § 851 Notice. The Notice remained as to one prior conviction. Thus, the Defendant's statutory maximum sentence remained at life. Applying the career offender guideline, § 4B1.1, the Defendant's base offense level remained at 37 and his guidelines range remained at 262 to 327 months. Examining the sentencing documents, it is without question that the sentencing judge would have imposed precisely the same sentence

as he did even "if . . . the Fair Sentencing Act of 2010 [had been] in effect at the time the covered offense was committed." 132 Stat. at 5222.

The Defendant argues that, in considering a reduction of his sentence, this Court should disregard his career-offender designation in light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), which was decided after the Fair Sentencing Act became effective. Section 404(b) of the First Step Act, however, does not authorize such a plenary resentencing. Rather, it authorizes the Court to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." This provision makes clear that Congress contemplated "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010) (concluding that reduction of sentence under 18 U.S.C. § 3582(c)(2) does not involve plenary resentencing, but only application of new guideline range as dictated by Sentencing Commission). By its plain terms, Section 404(b) does not contemplate that the Court would apply all other legal authority that would have impacted the Defendant's sentence had he been sentenced today. The Court, therefore, will not reconsider any sentencing determinations independent of those affected by the Fair Sentencing Act, including the Defendant's classification as a career offender.

6

In exercising its discretion under the First Step Act to grant or deny a reduction, the Court also considers the sentencing factors set forth in 18 U.S.C. § 3553(a). Application of these factors, however, also counsels against reducing the Defendant's sentence. The Defendant's offense was serious and involved the distribution of an enormous quantity of crack cocaine over a long period of time. The Defendant committed that offense after he had previously been convicted of three drug-trafficking offenses, evidencing his refusal to abide by the law. The Defendant's history and characteristics, therefore, counsel against a sentence reduction, as does the need for deterrence and to protect the public.

For the reasons discussed above, the Court concludes that the Defendant's offense level was based upon his classification as a career offender. Accordingly, if the facts of the Defendant's case had been before the Court with the Fair Sentencing Act of 2010 provisions in place, the Defendant's term of imprisonment would have been the same. However, the statutory term of supervised release applicable to the Defendant is now 8 years. Accordingly, the Defendant's motion for a sentence reduction under the First Step Act is granted to the extent that the Defendant's term of supervised release is reduced to a term of 8 years. In all other respects, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 68] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is **GRANTED** to the extent that the Defendant's term of supervised release is hereby **REDUCED** from ten (10) to eight (8) years. In all other respects, the Defendant's motion for a sentence reduction is **DENIED**.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further respectfully directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: July 12, 2019

Martin Reidinger
United States District Judge