# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:03-cr-00131-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BROOKS TYRONE CHAMBERS, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit and the Defendant's Unopposed Motion for Expedited Reduction of Sentence under the First Step Act [Doc. 78].

**I.    BACKGROUND**

Between 1997 and 2003, the Defendant bought and sold large quantities of crack cocaine in Charlotte, North Carolina. [Doc. 52: Presentence Report ("PSR") at ¶¶ 9-14]. Between February and March of 1997 alone, the Defendant bought two kilograms of crack cocaine for $1,000 per ounce. [Id. at ¶ 13].

In July 2003, the Defendant pled guilty pursuant to a written plea agreement to one count of conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) [Doc. 4: Bill of Information; Doc. 5: Plea Agreement]. In the Plea Agreement, the parties agreed to make a joint recommendation to the Court that the offense involved at least 50 grams but less than 150 grams of cocaine base. [Doc. 5: Plea Agreement at ¶ 3(a); Doc. 65: Supp. PSR at 1]. Based on that drug weight and the Government's filing of a Section 851 Notice of the Defendant's three prior felony drug-trafficking convictions, the Defendant faced a mandatory sentence of life imprisonment. [See Doc. 4: Section 851 Notice; Doc. 52: PSR at ¶ 59].

At sentencing in June 2005, the Government withdrew its reliance on two of the Defendant's three prior felony drug-trafficking convictions, thereby reducing the statutory sentencing range from mandatory life to 20 years to life. The Court[1] determined that the Defendant was a career offender based on his prior North Carolina convictions for one count of selling or delivering cocaine and two counts of possessing with intent to manufacture sell and deliver cocaine. [Doc. 52: PSR at ¶ 27]. Based on a total offense level (TOL)

---

[1] The Defendant was originally sentenced by the Honorable Richard L. Voorhees, United States District Judge. This case was subsequently reassigned to the undersigned.

of 34[2] and a criminal history category (CHC) of VI, the advisory guidelines range was 262 to 327 months' imprisonment. [PSR: Doc. 52 at ¶ 60]. The Court sentenced the Defendant to 262 months' imprisonment, the low-end of the career-offender guideline range and imposed a term of 10 years of supervised release. [Doc. 21].

The Defendant moved for relief under the First Step Act of 2018. [Doc. 68]. The Court found that the Defendant was eligible for a reduced sentence under the First Step Act but left in place his 262-month sentence after determining that he remained subject to a Guidelines range of 262 to 327 months under the career offender guideline. The Court further concluded that it lacked authority under the First Step Act to correct an error in the application of the career offender enhancement under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). [Doc. 72].

On appeal, the Fourth Circuit held that the career-offender error in this case "must be corrected in a First Step Act resentencing." United States v. Chambers, 956 F.3d 667, 668 (4th Cir. 2020). Additionally, the Fourth Circuit held "that the § 3553(a) sentencing factors apply in the § 404(b) resentencing context." Id. at 674. Thus, after correctly calculating the now-applicable

---

[2] This TOL was based in part on the Defendant's classification as a career offender under U.S.S.G. § 4B1.1, which assigned the Defendant an adjusted offense level of 37 because his drug trafficking offense was punishable by a maximum sentence of life in prison.

3

guidelines range, the court "must apply" the Section 3553(a) factors in arriving at an appropriate sentence. Id. On July 8, 2020, the Fourth Circuit denied the government's petition for *en banc* rehearing.

The Defendant now renews his motion for a reduction of sentence under the First Step Act. [Doc. 78]. The Government consents to the relief requested and to a reduced sentence of time served. [Id.].

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-391. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal

criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. See United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019). His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Further, the Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Based on the Fourth Circuit's decision, the Court is now called upon to retroactively apply the 2011 Simmons decision to the Defendant's 2003 conviction. As a result, the Defendant has only one career offender

5

predicate, rather than two. [See Doc. 52: PSR at 7]. Thus, for the purposes of this calculation, the Defendant no longer carries a career offender designation. Based thereon, the Defendant asserts that he faces a total offense level no higher than 23[3] and a criminal history category of III. That combination would yield an advisory Guidelines range of 57 to 71 months. However, the application of U.S.S.G. § 5G1.1(b) increases the Guidelines range to 120 months—equal to the now-applicable statutory minimum.

In light of the fact that the Defendant is no longer to be considered as a career offender and for the reasons set forth in the Defendant's previous motion [see Doc. 68], the Court finds that the Section 3553(a) factors—including, but not limited to, evidence of post-sentencing rehabilitation[4]—support a sentence of time served. As of July 2019, he had a total of 185 months of BOP credited time, well in excess of the now-applicable Guidelines range. [See id. at 2].

---

[3] While the Defendant's counsel represents that the Government does not oppose the relief sought, there is no indication in the record that the Government agrees with the Defendant's calculation total offense level. The Presentence Report states that "discovery shows that the defendant was involved in over 1.5 kilograms of cocaine base…." [Doc. 52: PSR at ¶ 14]. That would yield a total offense level of 29 rather than 23. This difference, however, is immaterial to the determination made herein, because that would still yield a Guidelines range allowing for the relief that the Defendant seeks.

[4] The Court notes that the Supplemental Presentence Report indicates that the Defendant has received some minor disciplinary actions while in custody. [See Doc. 70: Supp. PSR at 2-3]. The Defendant, however, has also successfully completed numerous educational programs and work assignments. [Id. at 3].

6

Case 3:03-cr-00131-MR   Document 80   Filed 07/17/20   Page 6 of 7

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court in its discretion reduces the Defendant's sentence to a period of time served plus ten (10) days. The Defendant's term of supervised release shall be reduced to a period of five (5) years.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Expedited Reduction of Sentence under the First Step Act [Doc. 78] is **GRANTED**, and the Defendant's sentence is hereby reduced to **Time Served plus ten (10) days** and the term of supervised release is hereby reduced to a term of **five (5) years**. All other terms and conditions of the Defendant's Judgment [Doc. 21] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: July 17, 2020

Martin Reidinger
Chief United States District Judge